# EXHIBIT E

# Kramer Levin

**Darren LaVerne**
Partner
**T** 212.715.9190
**F** 212.715.8190
dlaverne@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

October 5, 2020

**Via E-mail (Adam.Hobson@usdoj.gov)**

Adam S. Hobson
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Re:     Count Cooks (*United States v. Lewis et al.,* 20-CR-00234 (LAP))

Dear Mr. Hobson:

On behalf of our client, Count Cooks, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments of the United States Constitution, we write to request that you furnish the discovery materials and information described below.

We understand that the government is in the process of producing certain discovery in this matter. To the extent relevant, please let us know which of the materials requested below are being produced. With respect to requests for materials that are not yet being produced, please indicate whether the government intends to comply with the request and when the materials will be produced or, alternatively, the basis for any refusal to produce.

Each of the requests below seeks any documents or information in the government's possession, custody, or control, or which is known, or could by the exercise of diligent, good faith effort become known, to the government, specifically including (in addition to documents or information in your Office's immediate possession, custody, or control) documents or information in the possession, custody, or control of any other federal, state, or local agencies that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding. The term "government," as used herein, refers to your Office and all other such agencies, including but not limited to the New York City Police Department.

**Requests for Discovery**

1. All written or recorded statements made by Mr. Cooks, at any time and in any context, regardless of the government's intentions with respect to their use at trial. Fed. R. Crim. P. 16(a)(1)(B).

2. All documents that contain the substance of any oral statement made by Mr. Cooks to government, law enforcement, or regulatory or self-regulatory agencies, regardless of the

Adam S. Hobson
October 5, 2020



government's intentions with respect to the statement's use at trial. Fed. R. Crim. P. 16(a)(1)(B). This request includes all notes and drafts, as well as other documents prepared by law enforcement agents or regulators, to the extent that a statement of Mr. Cooks is related or described within. Where a statement is contained in more than one document, provide each such writing.

3. The substance of all oral statements made by Mr. Cooks to government, law enforcement, or regulatory or self-regulatory agencies that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

4. The warrant issued for the arrest of Mr. Cooks.

5. Mr. Cooks' criminal record, if any, including records of federal, state, local and international jurisdictions. Fed. R. Crim. P. 16(a)(1)(D).

6. All documents that the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). We request that any items in this category be specifically identified from among the materials that must be produced pursuant to Mr. Cooks' Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford Mr. Cooks an opportunity to move to suppress or exclude any evidence the government intends to use in its case in chief. Fed. R. Crim. P. 12(b)(3) and 12(d).

7. All documents that contain the substance of any oral statement made by any defendant to government, law enforcement or regulatory or self-regulatory agencies. *See Bruton v. United States*, 391 U.S. 123 (1968).

8. All documents that (i) are material to the preparation of the defense, (ii) are material to the elements of the crimes charged in the indictment, or (iii) will play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal by Mr. Cooks, including, but not limited to:

    a. Documents sufficient to identify all alleged offenses that the government contends are predicates for the racketeering conspiracy alleged against Mr. Cooks, including but not limited to the date, time, and location of such offenses.

    b. All documents relating to the allegations in the indictment concerning any individual whom the government contends is a co-conspirator with Mr. Cooks.

    c. All documents concerning Mr. Cooks' knowledge regarding the information described in subparagraphs (a) and (b) above and of the allegations and events that are the subject of the indictment.

Adam S. Hobson
October 5, 2020



    d. The names and addresses of all alleged victims in the case, including but not limited to the marijuana dealer referenced in Counts Four and Five of the indictment.

    e. All video and audio recordings, police reports, lab reports, or other evidence relating to the allegations in or underlying the indictment obtained by the government concerning Mr. Cooks or any individual who the government contends is a co-conspirator with Mr. Cooks.

    f. All records of any telephone calls, voicemails, text messages, social media communications, and/or instant messages or other forms of communication referenced in the indictment or concerning the allegations and events that are the subject of the indictment.

    g. All e-mails, text messages, social media communications, instant messages and other forms of communication obtained by the government from any individual, company, entity, or law enforcement or governmental agency in connection with any investigation of Mr. Cooks.

    h. All telephone and mobile phone records and bills, voicemails, text messages, social media communications, and/or instant messages or other forms of communication relating to any person whom the government may call as a witness at trial.

    i. All documents concerning any financial transactions referenced expressly or indirectly in the indictment.

    j. All other evidence and information concerning the allegations and the events that are the subject of the indictment.

9. All documents or other materials obtained from or belonging to Mr. Cooks. Fed. R. Crim. P. 16(a)(1)(E)(iii).

10. All documents obtained by the government from any person whom the government may call as a witness at trial or by the past or present employer of such a witness, or by any professional or legal advisor to the witness.

11. With respect to any documents produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for documents by the government to which the documents were responsive, all documents concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, indexes, inventories, and privilege logs.

12. To the extent not requested above, all exculpatory or impeaching material in the government's possession, custody or control, or otherwise known to the government,

Adam S. Hobson
October 5, 2020



including but not limited to exculpatory or impeaching material set forth in notes or memoranda regarding witness interviews.  We request prompt production of this information because the information is necessary to: (i) allow counsel to prepare for trial; (ii) allow counsel to prepare for meaningful cross-examination of any witness who may testify on behalf of the government; and (iii) enable the defense to determine what motions *in limine* are necessary.  Such material includes statements, whether or not the statement is memorialized in a document.  If the government is aware of facts that would constitute *Brady* material but assumes that Mr. Cooks or counsel knows or should know such facts, please verify with us that we are aware of these facts.  This material includes, but is not limited to:

a. Any statement or document, including but not limited to grand jury testimony, testimony in court, testimony before any government, regulatory, or self-regulatory agency, made or executed by any potential government witness which the government knows, or through reasonable diligence should have reason to know, are false.

b. Any statement by any witness that he or she is not aware of any wrongdoing by Mr. Cooks or any other individual or entity the government contends was part of the conspiracies referenced in the indictment.

c. Any statement by any representative of the government that any potential government witness is untrustworthy or has been untruthful.

d. With regard to any law enforcement witnesses, including members of the NYPD, records reflecting any CCRB or other complaints or allegations made against them, as well as any disciplinary proceedings instituted against them by the NYPD or any other federal, state, or local agency.

e. All documents concerning presentations or proffers made to the government by counsel on behalf of any potential witness containing statements which may tend to exculpate Mr. Cooks or may tend to affect the weight or credibility of the evidence to be presented against him.

f. All documents concerning presentations or proffers made to the government by counsel on behalf of any potential witness containing statements that are inconsistent with any other statement by that witness.

g. All documents, including any statements by any individual or entity, or counsel on behalf of any individual or entity, tending to show that Mr. Cooks or any other individual or entity the government contends was part of the conspiracy referenced in the indictment lacked knowledge or information regarding the nature or object of the alleged conspiracies.


Adam S. Hobson
October 5, 2020



    h.  Any and all threats or promises, express or implied, made to any potential witness for the government, including without limitation statements concerning criminal prosecutions, investigations, or proceedings pending or which could be brought against any such witness or against a family member, friend or entity with which such witness is associated. This request specifically seeks, but is not limited to oral or written statements made by an Assistant United States Attorney, NYPD officer, or other law enforcement official to any individual or his or her lawyer in connection with an interview or testimony of such individual, or a proffer given by the individual's attorney, concerning (i) whether an Assistant United States Attorney or other law enforcement official tended to doubt the individual's credibility or the statements he or she made during the interview, testimony, or at any other time; and/or (ii) that the individual might be subject to criminal or regulatory charges or immigration proceedings for any reason.

    i.  Any information that might potentially reflect or evidence any bias or hostility against Mr. Cooks by any potential witness for the government.

    j.  The names and addresses of all persons whom the government, or any of the government's agents or representatives, believes may have exculpatory information with reference to the charges contained in the indictment but whom the government does not propose to call as witnesses at trial, and any statements of such persons.

13. Any documents or other materials that are favorable to Mr. Cooks and material to either guilt or punishment. With regard to punishment, we note that the government's obligation to provide *Brady* material to the defense extends through sentencing. *See, e.g., Cardoso v. United States*, 642 F.Supp.2d 251, 261-62 (S.D.N.Y. 2009) aff'd sub. nom. 402 Fed.Appx. 569 (2d Cir. 2010) (vacating sentence where government failed to disclose impeachment material in connection with sentencing). Accordingly, we request that you provide us with any documents that reflect mitigating or otherwise favorable information with regard to the sentencing of Mr. Cooks, should he be convicted of a crime.

14. Any evidence that the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence, including a written report prepared and signed by the witness with a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information relied upon in forming such opinions, and the qualifications of the witness. Fed. R. Crim. P. 16(a)(1)(G).

15. As a predicate to motions pursuant to Fed. R. Crim. P. 12, notice as to:

    a.  Whether any evidence in the government's possession, custody or control was obtained by a search and seizure, and a description of such evidence. In addition, please provide details regarding any searches conducted in the course of this investigation whether or not items seized in the search will be introduced by the

Adam S. Hobson
October 5, 2020



      government as evidence at trial, including but not limited to the premises searched, the date of the search, and descriptions of any items seized.

   b. All search warrants, warrant applications, affidavits, and related materials regarding evidence seized and/or searched in this case, including but not limited to the cell phone taken from Mr. Cooks upon arrest, and the contents of any email accounts, text messages, or social media accounts associated with Mr. Cooks. Please produce copies of all such materials.

   c. Whether any evidence in the government's possession, custody or control was obtained through any electronic or mechanical surveillance or recording, and a description of such evidence.

   d. Whether any evidence in the government's possession, custody or control was obtained through a mail cover, and a description of such evidence.

   e. Whether any line-ups, show-ups, photo arrays, or other identification procedures were used with any witness, and whether the government intends to elicit an in-court identification by any witness. If the government used any such identification procedures, we request that you immediately provide the defense with all associated photographs, procedural instructions, witness identifications, and other related documents.

   f. Whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys.

   g. Whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury or pursuant to subpoena issued by the grand jury, were disclosed or released to any person other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys. If such disclosure was so made, provide a copy of any court orders authorizing such disclosure and the identity of all persons authorized to receive disclosure.

   h. Whether any investigation or inquiry was conducted to determine if any grand jury material or information was impermissibly disclosed to any person or entity, in violation of Fed. R. Crim. P. 6. If such an investigation or inquiry was conducted, provide all documents concerning the investigation, including documents concerning any findings or conclusions.

16. Whether, should Mr. Cooks testify on his own behalf, the government will attempt to rely upon specific instances of conduct or a prior conviction for the purpose of impeachment, and a description of any such instance or prior conviction.

17. Pursuant to the Fifth and Sixth Amendments of the United States Constitution, Fed. R. Crim. P. 16(a)(1)(D), and Fed. R. Evid. 404(b), disclosure of all evidence of and putative

Adam S. Hobson
October 5, 2020



witnesses to other or similar crimes, wrongs or acts allegedly committed by Mr. Cooks, upon which the government may rely at any point during the trial — whether during the government's case in chief, the defense case, or the government's rebuttal case.

18. All results or reports of physical or mental examinations, scientific tests or experiments (or copies thereof) that were conducted in connection with any investigation of the charges contained in the indictment, including but not limited to:

    a. All handwriting exemplars and samples, comparisons and opinions of handwriting experts, and all documents and reports that relate to such exemplars, samples, comparisons, or opinions.

    b. All fingerprint and palm print exemplars and samples, comparisons and opinions of fingerprint experts, and all documents and reports that relate to those exemplars, samples, comparisons, or opinions.

    c. All attempts at voice identification by whatever means, upon which the government will rely, which are material to the defense of this case.

    d. All psychological or other tests performed upon any potential government witness and all documents that refer or relate to such tests.

    e. All polygraph examinations, psychological stress evaluations or any other procedures, devised to determine whether a subject is telling the truth or to refresh a witness' memory and all documents that refer or relate to such examinations.

19. Pursuant to Fed. R. Evid. 104 and Mr. Cooks' rights to effective representation by counsel and a fair trial, disclosure of the following evidence, to the extent the government intends to offer such evidence in its case in chief:

    a. Any statement as to which Mr. Cooks manifested his adoption or belief in its truth.  Fed. R. Evid. 801(d)(2)(B).

    b. Any statement made by another that was purportedly authorized by Mr. Cooks, or is deemed to be an admission of Mr. Cooks.  Fed. R. Evid. 801(d)(2)(A) and 801(d)(2)(C).

    c. Any statement by any agent or servant of Mr. Cooks concerning a matter within the scope of his or her agency or employment made during the existence of such a relationship.  Fed. R. Evid. 801(d)(2)(D).

    d. Any statement by an alleged coconspirator made during the course and in furtherance of any alleged conspiracy.  Fed. R. Evid. 801(d)(2)(E).

Adam S. Hobson
October 5, 2020



  e. Please state whether the government intends to offer any hearsay evidence pursuant to Fed. R. Evid. 807. If so, provide the information required by the Rule.

20. Pursuant to Fed. R. Evid. 612, any writing used to refresh a witness's memory while testifying or before testifying before any grand jury, at trial, or in any other proceeding. Responses to this request should be separately identified with respect to each witness.

21. Pursuant to Fed. R. Evid. 1006, notice as to whether the government will seek to offer any chart, summary, or calculation in evidence. If so, the defense requests that such be made available sufficiently in advance of trial for inspection and copying. In addition, disclose any methodology, formula, or process used to create the chart, summary, or calculation.

22. To the extent not requested above, all documents, information and other material, in whatever form, that the government is required to disclose pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland* and its progeny, and any other rule, law, or obligation.

* * * * *

  Each of the requests above calls for all responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. We reserve the right to supplement these requests as the case progresses.

  If you have any questions regarding these requests, please do not hesitate to call us. We are available at your convenience to meet and confer with you for the purpose of resolving or narrowing any potential disagreements that we may have regarding these requests.

        Very truly yours,

        /s/

        Darren A. LaVerne
        Leah S. Friedman
        Shahriar Raafi